FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JUN 26 A 9 57
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KENDALL TYRELL JOHNSON,

    Plaintiff,

v.                                 CIVIL ACTION NO.: CV513-050

BRANTLEY COUNTY DETENTION
CENTER,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently detained at Bacon Probation Detention Center in Alma, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting conditions of his confinement while housed at Brantley County Jail in Nahunta, Georgia. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988). 28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff alleges that on various occasions during 2012, he was forced to ingest blood pressure medication while incarcerated at Brantley County Jail. Plaintiff contends he does not need blood pressure medication and "one day" he refused to continue taking the medication "because of the way it was making me feel." (Doc. No. 1, p. 5). Plaintiff asserts that because of his refusal, he was placed in solitary confinement and threatened with a taser. Plaintiff avers he took the medication so that he could return to general population. Plaintiff claims various side effects from the medication, including: fatigue, headaches, blurred vision, dizziness, and cramps. Plaintiff alleges that although a "professional doctor" has taken him off this medication, he still suffers from the side effects. (Id.). Plaintiff submitted a letter to the Court describing more of his medical ailments in detail. (Doc. No. 6). In the letter, Plaintiff

2

states "the doctor. . . he never touched me, listened to my heartbeat or anything . . . just put me on too strong medicine." (Id. at 1). Plaintiff alleges that on one occasion his blood pressure reached "180/130" and "they" refused to call an ambulance. (Id.). Plaintiff asserts he filed grievances and "nothing was done." (Doc. No. 1, p. 3). Plaintiff names "Whole Facility/Medical Team, officers/medical of Brantley County Detention Center/Jail" as the only Defendant.

Plaintiff's claims against Brantley County Jail should be dismissed. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), state agencies and penal institutions are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff's blanket allegations against "whole facility/medical team" cannot be sustained. Plaintiff's Complaint fails to identify any individuals who deprived him of some constitutional right.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 26th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)